IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


LOUIS D. MOON,                                    CV. 10-1154-MO

          Petitioner,

     v.                                    OPINION AND ORDER

JEFFREY THOMAS, Warden,

          Respondent.


     STEPHEN R. SADY
     Office of the Federal Public Defender
     101 SW main Street, Suite 1700
     Portland, OR  97204

          Attorney for Petitioner


     DWIGHT C. HOLTON
     United States Attorney
     RONALD K. SILVER
     Assistant United States Attorney
     1000 SW Third Avenue, Suite 600
     Portland, OR  97204-2902

          Attorneys for Respondent

Mosman, District Judge.

Petitioner, an inmate at the Federal Correctional Institution, Sheridan, Oregon ("FCI Sheridan"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241. He alleges the Bureau of Prisons' ("BOP") regulations that categorically disqualify (1) inmates with a current felony conviction for an offense involving the carrying, possession, or use of a firearm or other dangerous weapon or explosives, and (2) inmates with certain prior felony or misdemeanor convictions from the early release incentive associated with the Residential Drug Abuse Treatment Program ("RDAP"), codified at 28 C.F.R. §§ 550.55(b)(5) and 550.55(b)(4)(2009) respectively, are procedurally invalid under § 706(2)(A) of the APA. Petitioner asks that the Court find the 2009 regulations invalid and order the BOP to designate him eligible for the early release incentive upon his successful completion of RDAP. While the Court finds 28 C.F.R. §§ 550.55(b)(5) and 550.55(b)(4)(2009) to be valid under the APA, an associated internal agency guideline used for eligibility determinations, Program Statement P5162.05, sec. 3, is unlawful under Ninth Circuit law to the extent it categorizes a § 922(g) conviction, Felon in Possession of Firearm, as a disqualifying crime of violence. Because Petitioner's ineligibility determination stands without the application of P5162.05, sec. 3, Respondent's Motion to Dismiss (#17) is granted, and the Petition for Writ of Habeas Corpus (#1) is denied.

## BACKGROUND

I.   <u>Statutory Background</u>.

In 18 U.S.C. §§ 3621-3625, Congress vested the BOP with broad authority to manage the imprisonment of a convicted person, and specified "[t]he Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse."  18 U.S.C. § 3621(b).  In § 3621(e), Congress articulated a specific statutory mandate for residential substance abuse treatment programs for eligible prisoners.  The program the BOP created to satisfy this mandate is the Residential Drub Abuse Program ("RDAP").

In 1994, Congress enacted the Violent Crime Control Law Enforcement Act of 1994 ("VCCLEA"), which amended 18 U.S.C. § 3621 to include a discretionary early release incentive for inmates convicted of non-violent offenses who successfully completed RDAP. 18 U.S.C. § 3621(e)(2).[1]  The statute does not define "non-violent offenses."

---

[1]Section 3621(e)(2)specifies in relevant part:
(A)  Generally.  Any prisoner who, in the judgment of the Director of the [BOP], has successfully completed a program of residential substance abuse treatment provided under paragraph (1) of this subsection, shall remain in the custody of the [BOP] under such conditions as the Bureau deems appropriate. *****
(B) Period of Custody.  The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the [BOP], but such reduction may not be more than one year from the term the prisoner must otherwise serve."

Beginning in 1995, exercising its broad discretion under the statute, the BOP promulgated a series of implementing regulations and internal agency guidelines for administering the early release incentive under 3621(e)(2). The regulations and guidelines have excluded inmates with a current felony conviction for an offense involving the carrying, possession, or use of a firearm or other dangerous weapon or explosives, as well as inmates with certain prior felony or misdemeanor convictions from early release eligibility. *See* 28 C.F.R. §§ 550.55(b)(2009). The substantive and procedural validity of these categorical exclusions have been challenged in court repeatedly.

The Ninth Circuit upheld the substantive validity of the BOP's exclusion based on conviction for the carrying, possession, or use of a firearm in *Bowen v. Hood*, 202 F.3d 1211 (2000) (upholding 28 C.F.R. § 550.58(a)(1)(vi)(B)).[2] The circuit court held the categorical exclusion of certain inmates from early release eligibility was a proper exercise of the BOP's discretion under the statute, and stated: "we see nothing unreasonable in the Bureau's making the common-sense decision that there is a significant potential for violence from criminals who carry, possess or use firearms while engaged in their felonious employment, even if they wound up committing a nonviolent offense this time." *Id*. at 1119.

The Supreme Court upheld the substantive validity of the BOP's

---

[2]28 C.F.R. § 550.58(a)(1)(vi)(B)(2000) was re-codified as 28 C.F.R. § 550.55(b)(5)(ii)(2009).

categorical exclusion of inmates from early release eligibility in
*Lopez v. Davis*, 531 U.S. 230 (2001). Finding 28 C.F.R.
§ 550.58(a)(1)(vi)(B) was a proper exercise of the Bureau's
discretion under the statute, the Court stated:

> [T]he Bureau need not blind itself to pre-conviction
> conduct that the agency reasonably views as jeopardizing
> life and limb.
>
> * * * * *
>
> *[T]he statute's restriction of early release eligibility
> to nonviolent offenders does not cut short the
> considerations that may guide the Bureau.* [T]he Bureau
> may consider aspects of the conduct of conviction, even
> though the conviction is a criterion of statutory
> eligibility.

*Id.* at 243-244 (emphasis added). The Court also held the "Bureau
reasonably concluded than an inmate's prior involvement with
firearms, in connection with the commission of a felony, suggests
his readiness to resort to life-endangering violence and therefore
appropriately determines the early release decision." *Id.*

In *Lopez*, the Supreme Court did not address the procedural
validity of the categorical exclusions under the APA. *Id.* at 244
n.6. The Ninth Circuit, however, has invalidated the BOP's
regulations implementing the early release incentive under both
§ 553 and § 706(2)(A) of the APA. Section 553 specifies notice and
comment requirements.[3] Section 706(2)(A) specifies a "reviewing

_____

[3]Under the APA, agencies issuing rules must: (1) publish
notice of the proposed rule-making in the Federal Register; (2)
provide a period of comment on the proposed rule and consider
comments submitted during the period before adopting the rule;
and (3) publish the adopted rule not less than thirty days before

court shall hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."

II.  Ninth Circuit Litigation.

    A.  *1995 Rule - 28 C.F.R. § 550.58(a)(1995)*.

    In promulgating § 550.58 and the accompanying internal agency guidelines, the BOP interpreted the statutory term "convicted of non-violent offenses" and defined which inmates had convictions for "crimes of violence" that would make them ineligible for early release.[4]  "Felon firearm possession" was categorized as a crime of violence rendering inmates ineligible for early release.  In *Davis v. Crabtree*, 109 F.3d 566, 568-70 (9th Cir. 1997), the Ninth Circuit found the BOP's statutory interpretation of "nonviolent offenses" contrary to circuit law and held the regulation invalid. The Ninth Circuit stated: "the BOP may not interpret the term "nonviolent offense" to exclude the offense of felon in possession of a firearm.  We are bound by *Downey* [*v. Crabtree*, 100 F.3d 662 (9th Cir. 2006)(crime of violence does not encompass felon firearm possession under Ninth Circuit law)(citing cases)]."  *Davis*, 109 F.3d at 668-70.

/ / /

---

its effective date.  5 U.S.C. § 553(b)-(d).

    [4]Program Statement P5162.02 specified convictions that were considered crimes of violence.

B.    *1997 Interim Rule.*

Responding to a Circuit split on the question of the substantive validity of the 1995 regulations, the BOP promulgated new interim rules. Rather than rely on its interpretation of the statutory language "convicted of non-violent offenses" and defining "crimes of violence" as it had previously, the BOP relied on the Director's discretion under the statute to categorically exclude inmates convicted of certain offenses from early release eligibility, including those involving the possession of firearms. 28 C.F.R. § 550.58(a)(1)(vi)(B)(1997). In *Paulsen v. Daniels*, 413 F.3d 999, 1005 (9th Cir. 2005), the Ninth Circuit invalidated the 1997 interim rule, finding the BOP violated the notice and comment requirements of the APA because (1) the interim regulation was made effective prior to its publication in the Federal Register; and (2) although the BOP solicited comments, the comments were not taken into account prior to the regulation being made effective.

C.    *2000 Final Rule.*

In December 2000, respecting the notice and comment requirement under § 553 of the APA, the BOP promulgated a final regulation that was identical to the 1997 interim rule. In *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008), the Ninth Circuit invalidated 28 C.F.R. § 550.58(a)(1)(vi)(B)(2000) under § 706(2)(A) of the APA. The circuit court found the first rationale identified by the district court as a basis for categorical exclusion - the increased risk that offenders with

conviction involving firearms might pose to the public - was "entirely absent from the administrative record." *Arrington*, 516 F.3d at 1113. The Ninth Circuit noted,

> the Bureau articulated this rationale in its brief to the Supreme Court in *Lopez . . .* and is precisely the type of *post-hoc* rationalization . . . that the [court is forbidden] to consider in conducting review under the APA.

> Because no public safety rationale is present in the administrative record, the district court erred in relying on this explanation as a basis for its conclusion that the final rule withstands arbitrary and capricious review.

*Id.* The Ninth Circuit also found the second rationale proffered by the BOP - need for uniformity - did not justify a categorical *exclusion* of prisoners with non-violent convictions involving firearms instead of a categorical *inclusion* of prisoners with non-violent convictions involving firearms. *Id.* at 1114. The court found the BOP had not explained why, in seeking uniformity, it chose to exclude prisoners rather than include them. *Id.*

In a separate challenge to the 2000 Final Rule, this time contesting the BOP's consideration of prior convictions in eligibility determinations without regard to how long ago they occurred, codified at 28 C.F.R. § 550.58(a)(1)(iv), the Ninth Circuit again invalidated the rule under § 706(2)(A).[5] *Crickon v. Thomas*, 579 F.3d 978, 985-87 (9th Cir. 2009). The court found:

---

[5]28 C.F.R. § 550.58(a)(1)(iv)(2000) was re-codified as 28 C.F.R. § 550.55(b)(4)(iii)(2009).

> Despite issuing three interim rules and receiving comments relating to the use of prior convictions in response to at least two of these three rules, the BOP never identified, explained, or analyzed the factors it considered in crafting the categorical exclusion [based on prior convictions].
>
> * * * * *
>
> [A]lthough the BOP provided a limited explanation for its decision to include all prior convictions without temporal restriction, *see* 65 Fed.Reg. at 80746, the reasoning articulated by the BOP is cursory and non-responsive to the comments.
>
> * * * * *
>
> Because the BOP failed to articulate in the administrative record the rationale underlying its decision to adopt a categorical exclusion of inmates with specific prior convictions, we conclude that the BOP's promulgation of the categorical exclusion in 28 C.F.R. § 550.58(a)(1)(iv) did not comply with the APA. *See Arrington*, 516 F.3d at 1114 (requiring articulation of agency rationale).

*Id.*

As a result of the Ninth Circuit's decisions in *Davis* and *Arrington*, the BOP promulgated new interim rules governing early release eligibility. In January 2009, the BOP promulgated a final rule and again relied on the discretion of the Director under the governing statute, as recognized in *Lopez,* to categorically exclude inmates convicted of certain offenses.[6] Petitioner challenges the

---

[6]In one action, the 2009 Rule finalized three proposed rules, issued in 2000, 2004, and 2006. 74 FR 1892-01, 2009 WL 76657 (January 14, 2009.) The 2009 rules are applicable to all inmates applying to RDAP after March 16, 2009.

validity of 28 C.F.R. §§ 550.55(b)(5)and 550.55(b)(4) (2009) under § 706(2)(A) of the APA.[7]

III. <u>Factual Background</u>.

In February 2009, upon a plea of guilty, Petitioner was convicted of felon in possession of firearms and ammunition in violation of 18 U.S.C. § 922(g). (#14, at 15; #9 Ex. B.) He was sentenced to 60 months imprisonment to be followed by three years of supervised release. (#9, Ex. A.) Petitioner's projected good-time credit release date is December 30, 2011. (*Id*.)

Petitioner applied for RDAP in January 2010, and was admitted to the program on February 18, 2010. On February 22, 2010, Petitioner was determined to be ineligible for early release under 18 U.S.C. § 3621(e), with the Offense Review form specifying: "Pursuant to PS 5162.05, sec. 3a, as well as the regulations cited above [28 C.F.R. §§ 550.55(b)(5)(ii) & (iii)], a conviction for 18 USC 922(g) will preclude early release eligibility." (*Id*., Ex. D at 1.) Petitioner was also determined to be ineligible pursuant to 28 C.F.R. § 550.55(b)[4] based on a prior conviction for Robbery in 1992. (*Id*. at p 2.) Other priors were noted as being non-disqualifying. (*Id*.) Petitioner challenges the validity of the rules under which he was designated ineligible for early release, arguing they are arbitrary and capricious.

/ / /

----

[7]The related internal agency guidelines include Program Statement P5331.02 and P5162.05 (effective March 16, 2009).

## DISCUSSION

In *Lopez v. Davis,* the Supreme Court held that the BOP has discretion under 18 U.S.C. § 3621 to promulgate regulations to narrow the class of prisoners eligible for early release, and that it was reasonable for the BOP to do so.  531 U.S. at 244; *see also Arrington v. Daniels*, 516 F. 3d 1106, 1115 (9th Cir. 2008) (BOP has discretion under 18 U.S.C. § 3621 to create categorical exclusions citing *Bowen v. Hood*, 202 F.3d 1211 (9th Cir. 2000)); *Crickon v. Thomas*, 579 F.3d 978, 981 (9th Cir. 2009)(same citing *Jacks v. Crabtree*, 114 F.3d 983, 984-86 (9th Cir. 1997)).  Thus, the issue in this proceeding is not whether the BOP has the authority under the governing statute to promulgate such a categorical exclusions, or whether the exclusions are consistent with the statute.  Rather, the issue is whether the exclusions codified at 28 C.F.R. §§ 550.55(b)(5)(ii) and 550.55(b)(4)(iii) are invalid under § 706(2)(A) of the APA.  Petitioner argues that "[b]ecause the promulgation of the 2009 rules did not cure the procedural infirmities identified in *Crickon* and *Arrington*, those rules are invalid as arbitrary, capricious, an abuse of discretion, and otherwise contrary to law under § 706(2)(A) of the APA."  (#14, at 2.)

The government argues: (1) the court does not have jurisdiction to review the Petitioner's individualized eligibility determination; (2) the determination was made pursuant to valid

regulations;  and (3) the regulations satisfy the intent of Congress, have been upheld as a proper exercise of the BOP's discretion under that governing statute, and are procedurally valid. (#8, at 10-13.)

For the reasons set forth below the Court finds 28 C.F.R. §§ 550.55(b)(5) and 550.55(b)(4)(2009) valid under § 706(2)(A) of the APA, but finds the categorization of a § 922(g) conviction as a disqualifying "crime of violence" in Program Statement P5162.05, sec. 3a unlawful under Ninth Circuit law.I.  <u>Jurisdiction</u>

The Court has jurisdiction to review claims alleging BOP action is contrary to established federal law, violates the U.S. Constitution, or exceeds the statutory authority Congress vested in the agency. *Staacke v. United States Secretary of Labor*, 841 F.2d 278, 281 (9th Cir. 1988). To obtain judicial review under the APA, petitioners must challenge a final agency action. See 5 U.S.C. § 704; *Or. Natural Desert Ass'n v. United States Forest Serv.*, 465 F.3d 977, 982 (9th Cir. 2006). Agency action "includes the whole or a part of an agency rule." 5 U.S.C. § 551 (13).   There is no question the 2009 rules at issue here constitute final agency action and can be challenged under the APA. *See generally Abbott Laboratories v. Gardner*, 387 U.S. 136, 150-51 (1967), *overruled on other grounds*, *Califano v. Sanders*, 430 U.S. 99 (1977)(APA provides for review of regulations as final agency action). Thus, the Court has jurisdiction to review Petitioner's claim alleging the 2009 rules that disqualify inmates from early release eligibility based

12 - OPINION AND ORDER

on firearm possession and based on past convictions are procedurally invalid under § 706 (2)(A) of the APA because the BOP offered insufficient rationale to support them.[8]

II.  Judicial Review Under Section 706(2)(A) of the APA

Under § 706(2)(A) of the APA, a "reviewing court shall hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." "The scope of review under the 'arbitrary and capricious' standard is narrow and a court is not to substitute its judgment for that of the agency." *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins*. Co., 463 U.S. 29, 43 (1983); *Arrington v. Daniels*, 516 F.3d 1106, 1112 (9th Cir. 2008) (scope of review standard is narrow and deferential); *Kern County Farm Bureau v. Allen*, 450 F.3d 1072, 1076 (9th Cir. 2006). Agency action is presumed to be valid if a reasonable basis exists for the agency decision. *Sacora v. Thomas*, 628 F.3d 1059, 1068 (9th Cir. 2010) (citing *Crickon v. Thomas*, 579 F.3d 978, 982 (9th Cir. 2009)). The court, however, may not supply a basis for the agency's action that the agency itself does not provide. *Mora-*

---

[8]The Court does not have jurisdiction to review Petitioner's individualized eligibility determination. *Reeb v. Thomas*, 2011 WL 723106 (9th Cir. March 3, 2011). To the extent Petitioner raises an Equal Protection claim in his *pro se* petition, that claim must fail because he does not present facts demonstrating he was treated differently from other similarly situated inmates. *Id*.

*Meraz v. Thomas*, 601 F.3d 933, 941 (2010).  In *Arrington*, the Ninth
Circuit specified:

> [a] reasonable basis exists where the agency considered
> the relevant factors and articulated a rational
> connection between the facts found and the choices made.
> Although we may uphold a decision of less than ideal
> clarity if the agency's path may reasonably be discerned,
> we may not infer an agency's reasoning from mere silence.

516 F.3d at 1112 (citations omitted) (internal quotation marks
omitted).  "However, even when an agency explains its decision with
less than ideal clarity, a reviewing court will not upset the
decision on that account if the agency's path may reasonably be
discerned." *Mora-Meraz*, 601 F.3d at 941 (quoting *Crickon*, 579 F.3d
at 982.)  In *Sacora*, the Ninth Circuit found it was reasonable for
the BOP "to rely on its experience, even without having quantified
it in the form of a study."  628 F.3d at 1069 (citing *State Farm*,
463 U.S. at 43 ("Normally, an agency rule would be arbitrary and
capricious if the agency ... offered an explanation for its
decision that runs counter to the evidence before the agency, or is
so implausible that it could not be ascribed to a difference in
view *or the product of agency expertise*)(emphasis added))); *see
also Ranchers Cattlemen Action Legal Fund United Stockgrowers of
America v. U.S.D.A.*, 415 F.3d 1078, 1093 (9th Cir. 2005).  The
court rejected the argument that BOP policies pertaining to inmate
placement in residential re-entry centers were arbitrary and
capricious because they were promulgated without empirical support

and without a sufficiently articulated rationale. *Id*. at 1068-69.

III. <u>Analysis</u>

    A.   *28 C.F.R. § 550.55(b)(5) (2009)*

     In challenging the rule excluding inmates with firearm-related convictions from early release, Petitioner contends the "BOP provided no coherent rationale for the exclusion of statutorily eligible prisoners[,]" and that "the proffered explanations are inadequate and not supported by any empirical evidence." (#14, at 17.) Petitioner argues the BOP's claims of public safety concerns and that in its experience offenders who carry, possess, or use firearms pose a particular risk to the public are insufficient to support the regulation because the BOP cites to no studies or reports. (*Id*., at 18.) Petitioner also contends the BOP's reliance on *Lopez* is misplaced because the BOP's position in *Lopez* was not supported by empirical evidence, suggesting the APA requires empirical evidence. (*Id*. at 19.) Petitioner further argues that Felon in Possession does not distinguish among felons or the weapons in their possession and, because "a tax protester caught with a hunting rifle simply does not pose the same risk of violence as a murderer in possession of an automatic assault weapon," the regulation is arbitrary and capricious. (*Id*. at 21.) The Court finds Petitioner's arguments unpursuasive.

     The comments and responses published in the promulgation of 28 C.F.R. § 550.55(b)(5)(2009) specify:

2004 Proposed Rule:

Early release eligibility of inmates convicted of an offense involving a firearm.  The second commenter also recommended that § 550.55(b)(5)(ii) be altered so that inmates convicted of an offense that involved the carrying or possession (but not use) of a firearm or other dangerous weapon or explosives would be eligible for early release consideration.  The commenter further recommended that § 550.55(b)(5)(iii) be deleted, granting eligibility for early release consideration to inmates convicted of an offense that, by its nature or conduct, presents a serious potential risk of physical force against the person or property of another.

Under 18 U.S.C. 3621(e), the Bureau has the discretion to determine eligibility for early release consideration (*See Lopez v. Davis*, 531 U.S. 230 (2001)).  The Director of the Bureau exercises discretion to deny early release eligibility to inmates who have a felony conviction for the offenses listed in §§ 550.55(b)(5)(i)-(iv) because commission of such offenses illustrates a readiness to endanger the public.  Denial of early release to all inmates convicted of these offense rationally reflects the view that, in committing such offenses, these inmates displayed a readiness to endanger another's life.

The Director of the Bureau, in his discretion, chooses to preclude from early release consideration inmates convicted of offenses involving carrying, possession or use of a firearm and offenses that present a serious risk of physical force against person or property, as described in § 550.55(b)(5)(ii) and (iii).  Further, in the correctional experience of the Bureau, the offense conduct of both armed offenders and certain recidivists suggests that they pose a particular risk to the public.  There is a significant potential for violence from criminals who carry, possess or use firearms.  As the Supreme Court noted in *Lopez v. Davis*, "denial of early release to all inmates who possessed a firearm in connection with their current offense rationally reflects the view that such inmates displayed a readiness to endanger another's life.  *Id*. at 240.  The Bureau adopts this reasoning.  The Bureau recognizes that there is a significant potential for violence from criminals who carry, possess or use firearms while engaged in felonious activity.  Thus, in the interest of public safety, these inmates should not be released months in advance of completing their sentences.

> It is important to note that these inmates are not
> precluded from participating in [RDAP]. However, these
> inmates are not eligible for early release consideration
> because the specified elements of these offenses pose a
> significant threat of dangerousness or violent behavior
> to the public. This threat presents a potential safety
> risk to the public if inmates who have demonstrated such
> behavior are released to the community prematurely.
> Also, early release would undermine the seriousness of
> these offenses as reflected by the length of the sentence
> which the court deemed appropriate to impose.

Fed. Reg. 74, 1892, 1895 (Jan. 14, 2009). The BOP clearly

articulates its rationale for denying eligibility for early release

to those inmates with firearm offenses citing *Lopez*, in which the

Supreme Court recognized as reasonable the rationale that inmates

with convictions for firearm offenses had demonstrated a propensity

for violence. The BOP also relies on its agency expertise and

experience with inmates, which the Court notes dates back to the

1930's. *See* www.BOP.gov/about/history.jsp. As the Ninth Circuit

stated in *Sacora*, "[i]t may have been preferable for the BOP to

support its conclusions with empirical research. However, it is

reasonable for the BOP to rely on its experience, even without

having quantified it in the from of a study." 628 F.3d at 1068-69

(rejecting argument that BOP policies pertaining to inmate

placement in residential re-entry centers were arbitrary and

capricious because they were promulgated without empirical support

and without a sufficiently articulated rationale). As to

Petitioner's contention that a failure to distinguish among felons

and the weapons in their possession renders the firearm possession

disqualification arbitrary and capricious, the Court disagrees.

17 - OPINION AND ORDER

When the Ninth Circuit invalidated the 2000 regulations, the BOP's failure to articulate its rationale in the administrative record was central to the court's decision. *Arrington*, 516 F.3d at 1113. The court was clear it did not consider the rationale proffered in briefs to the Supreme Court in *Lopez* because it deemed that to constitute post-hoc rationalization not available for its consideration in reviewing the procedural validity of the rule under the APA. *Id*. The court, however, acknowledged rational explanations for the ineligibility of inmates with firearm offenses were recognized by the Supreme Court in *Lopez* and by the Ninth Circuit in *Bowen*. *Id*. at 1116.

In promulgating the 2009 regulations, the BOP articulated its rationale for excluding inmates with firearm offenses from early release eligibility in the administrative record, and responded to the comments submitted on the issue. While Petitioner contends the rationale proffered is insufficient, a court's review under § 706(2)(A) is narrow and deferential, agency action is presumed to be valid if a reasonable basis for the agency decision is discernable from the administrative record, and a court must not substitute its judgement for that of the agency. This Court finds a reasonable basis for the BOP's action was published in the administrative record and concludes 28 C.F.R. § 550.55(b)(5)(2009) is not arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law, and is procedurally valid under § 706(2)(A) of the APA.

18 - OPINION AND ORDER

The Court notes, however, Program Statement P5162.05, sec. 3, the BOP's internal agency guideline associated with the 2009 regulation is invalid under Ninth Circuit law to the extent it categorizes a § 922(g) conviction (felon in possession) as a crime of violence in all cases. *Davis v. Crabtree*, 109 F.3d 566, 569 (9th Cir. 1997) (for the purposes of § 3621(e)(2)(B), felon in possession of a firearm is a nonviolent offense). Accordingly, in the Ninth Circuit, an eligibility determination for an inmate convicted of violating § 922(g) which rests solely on P5162.05, sec.3 is unlawful.[9] Petitioner's inelgibility, however, also rests on the valid governing regulation, and is thus lawful.

B.    *28 C.F.R. § 550.55(b)(4)(2009)*

In challenging the rule excluding inmates with certain prior convictions from early release, Petitioner contends the explanation the BOP offered for relying on the Uniform Crime Reporting Program ("UCR") is incorrect and that the BOP has again failed to support its decision with empirical evidence. (#14, at 23-24.) Petitioner asserts, "the BOP claims that the UCR Part I offenses were chosen 'due to their inherently violent nature and particular dangerousness to the public.'" (*Id.* at 25.) He further contends "in promulgating this rule, 'the BOP offered absolutely no

---

[9]Eligibility determinations under section 4 of program statement P5162.05 are not based on the designation of offenses as crimes of violence, but instead are based on offenses that *in the Director's discretion* preclude inmates from early release, including felon in possession of a firearm.

rationale for its decision to use the inmate's criminal history as a surrogate for early release ineligibility[,]'" (*id.* at 26, quoting *Crickon*), and "when an agency fails to consider the relevant factors and articulate a rational connection between the facts and choice made, the rule is invalid under 5 U.S.C. § 706(2)(A)." (*Id.*) Petitioner argues the age of a past conviction should be taken into account. (*Id.*)

In promulgating 28 C.F.R. § 550.55(b)(4)(i-vii)(2009), the BOP specified:

> Title 18 U.S.C.3621(e) provides the Director of the [BOP] the discretion to grant an early release of up to one year upon the successful completion of a residential drug abuse treatment program. The regulation [550.55(b)(4)(i-vii)] provides than an inmate who has a prior misdemeanor or felony conviction for homicide, forcible rape, robbery, aggravated assault, arson, kidnaping, or child sexual abuse will not be eligible for early release.
>
> *In exercising the Director's statutory discretion, we considered the crimes of homicide, forcible rape, robbery, aggravated assault, arson, and kidnaping, as identified in the FBI's [UCR], which is a collective effort of city, county, state, tribal, and federal law enforcement agencies to present a nationwide view on crime. The definitions of these terms were developed for the National Incident-Based Reporting System and are identified in the UCR due to their inherently violent nature and particular dangerousness to the public.*
>
> The Director of the Bureau exercises discretion to deny early release eligibility to inmates who have a prior felony or misdemeanor conviction for these offenses *because commission of such offenses rationally reflects the view that such inmates displayed readiness to endanger the public.*

74 Fed.Reg. 1892-01, *1894, 2009 WL 76657 (emphasis added).

The administrative record shows the BOP considered four offenses the UCR identifies as "violent crime," as well as arson, kidnapping, and child sex-abuse. http://www.fbi.gov/about-us/cjis/ucr/crime-in-the-us/2009/crime2009 ("violent crime is composed of four offenses: murder and non-negligent manslaughter, forcible rape, robbery, and aggravated assault. Violent crimes are defined in the UCR Program as those offenses which involve force or threat of force.") The administrative record also shows there is no basis for Petitioner's assertion that the BOP incorrectly read the UCR and that its reasoning is undermined by the UCR committee's definition of UCR offenses.

The UCR defines various offenses to assist law enforcement agencies throughout the nation achieve a level of consistency in crime reporting. Uniform Crime Reporting Handbook, 2004 at 2, available at www.fbi.gov/about-us/cjis/ucr/additional-ucr-publications/ucr_handbook.pdf/view. While the UCR's primary purpose is to assist in achieving some measure of consistency in crime reporting, nothing in the APA precludes the use of materials developed for one purpose from being used by an agency for another if the agency finds the material relevant. The Court finds the BOP's reliance on the UCR to identify prior offenses that will disqualify inmates from early release eligibility is not arbitrary given that four of the disqualifying offenses are specifically categorized in the UCR as violent crime. And it is reasonable for the BOP to conclude the past commission of a violent offense, no

matter how long ago, "rationally reflects the view that such inmates displayed a readiness to endanger the public." 74 Fed.Reg. at 1894. Moreover, it is consistent with Congress's intent to restrict early release eligibility to non-violent offenders for the BOP to deny eligibility based on prior convictions designated as violent offenses and encourage program participation by offering other incentives. *See* § 550.54 (2009); 74 Fed.Reg. at 1893.

Because the scope of review under the "arbitrary and capricious" standard is narrow; because empirical evidence is not required for agency action to be valid under § 706(2)(A); because an agency may rely on its expertise in taking action; because the basis for the BOP's decision is "reasonably discerned," from the administrative record, and because a court is not to substitute its judgment for that of the agency, the Court finds § 550.55(b)(4)(2009) valid under § 706(2)(A) of the APA.[10]

/ / /

/ / /

/ / /

---

[10]Even if the Court were to find § 550.55(b)(4) invalid because consideration of past convictions is not limited to a given time period, Petitioner remains ineligible for early release under § 550.55(b)(5).

## CONCLUSION

Based on the foregoing, Respondent's Motion to Dismiss (#17) is GRANTED.  Petitioner's Petition for Writ of Habeas Corpus (#1) is DENIED.

IT IS SO ORDERED.

DATED this  1st  day of April, 2011.

/s/ Michael W. Mosman
Michael W. Mosman
United States District Judge